White, L
The original petition was filed by Garrington, the-defendant in error, against Green, the plaintiff in error, and David Davis, to foreclose a mortgage executed by the latter to Garrington, on a tract of land in Union county.
The mortgage was filed with the recorder, for record, on the seventh day of August, 1854, at 12 o’clock m. ; and, after having been recorded in the record of mortgages, was returned to Garrington. by the recorder, with an indorsement thereon, signed by the recorder, showing that it had been filed and recorded at the time above • named.
Subsequently Green purchased the land embraced in the mortgage, paid the foreclosure money in full, and received from Davis-a conveyance, without actual notice of the mortgage.
The recorder neglected to make an index to the record of the mortgage; and, for want of such index, Green, on searching for incumbrances when about to purchase the land, failed to discover the mortgage.
*The record of the mortgage was perfect, unless the failure-to index rendered it defective.
The district court held the mortgage to have been duly recorded,, and, notwithstanding the purchase of Green, subjected the land to the payment of the mortgage debt.
The object of Green, in the present proceeding in error, is to obtain the-reversal of the judgment of the district court.
The only question for determination is, whether the statutes in-relation to the recording of deeds and mortgages, make the index: an essential part of the record of such instruments, as between the-grantee and subsequent' purchasers; thus devolving upon the former the duty not only of having their title-deeds duly recorded, but. of having such records duly indexed.
Ordinarily, the recording of an instrument means the copying of it- into the public records kept for the purpose, by or under the di~ *501 section or authority of the proper public officer. In this sense, the Index forms no part of the record. The record is complete without it.
An index to the record of an instrument is the means provided' ■for pointing out, or indicating, where the record may be found. It may, in many cases, be indispensable in order to secure the full benefit of the record to the public. But its office is to facilitate the Tesearches of those having occasion to examine the records; and, strictly, it can not be said to form part of the record.
For the purposes of the present question, the duties of the recorder may be considered of a twofold character: (1) such as he ewes to mortgagees and grantees; and (2) such as he owes to third persons, having an interest in examining the records with the view ■of ascertaining the condition of the title to particular property.
To the former class belongs the duty of receiving, receipting for, •and duly recording conveyances presented for record; and to the latter class, the duty of affording to persons having occasion to examine, all the facilities provided by law for ascertaining the state of the title as it may exist of record. Of the means thus provided, is the duty of allowing the records to be examined, and of furnishing a correct index to *aid in the examination. If an examination were denied, the desired information could not be obtained, .although the index might be full and correct; and a like result would probably follow if an examination were allowed, but no in■dex furnished.
For the misfeasance or nonfeasance of the recorder, he is liable to the party injured; and where his official delinquency consists in his failure to index the record of an instrument, the injured party is the person misled by the want of the index, and not the person whose deed has, in all other respects, been duly recorded.
lipón a careful examination of the statutes, we have failed to discover any evidence of an intention on the part of the legislature that the index to the record of a deed is to be regarded as a part <of such record.
The first act making express provision for an index that we have been able to discover, is “ an act *fco authorize county recorders to transcribe records in certain- cases,” passed January 30, 1835. S. & <3. Stat. 1275.
The third section of this act authorized the recorders of the several counties to provide suitable books, and make a new and complete general index to all the records in the recorder’s offices of their *502 respective counties. Subsequent acts have provided for keeping up the indexes, and have prescribed what they should contain. In. none of these laws is it declared that the index is to be regarded as forming part of the record. On the contrary, the words seem to. have been used in their ordinary sense.
From the commencement of the state government statutes have-existed requiring conveyances to be recorded, in order to charge-subsequent purchasers with notice; but nowhere has it been declared that an index is essential to make the record effective. If the legislature had intended that an index to the record should be-necessary to the validity of the conveyance as against subsequent purchasers, it is unreasonable to suppose that it would not have-been so declared in explicit terms.
The principle that would justify the holding the index to be essontial to the effective character of the record in the *case of conveyances, would seem to require that the index required to be-kept by the clerk should be regarded as essential to the lien of judgments; yet no one, we suppose, would claim that the effect of a judgment was dependent on the act or omission of the clerk in-making the index.
Again, if the index is held to be an essential element to the constructive notice arising from the record, the consequence will be to make the recorder liable for his neglect where no person has, in fact, been misled thereby. For in that view of the law, if there had-been a failure to index, the last purchaser would take the land, though he might not have sought to examine the records; and the-first purchaser, who had lost his land by the failure to index, might look to the recorder for his indemnity.
But it may be said that this principle was not allowed to prevail in Jennings v. Wood, 20 Ohio, 261. This is true. But in that case the deed was held not to have been recorded. Here we are asked to enlarge the operation of the statute, and, by construction, declare the index a part of the record; and before doing so, we may-well look at the consequences that would follow such construction.
The judgment will be affirmed.
Scott, C. J., and Day, Welch, and Brinkerhoee, JJ., concurred;.